IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID J. CLARK,

                 Plaintiff,                                     ORDER

      v.                                                       11-cv-293-wmc

DAVID A. HANSHER, AUDREY SKWIERAWSKI,
CHRISTOPHER T. TYRE, NATHAN OPLAND-DOBS,
ELIZABETH FERNANDEZ, SUSAN J. SACHSENMAIER,
DANIEL L. KONKOL, RUSSELL D. BOHACH,
PATRICK B. FLANAGAN, THEODORE R. NANZ,
MICHAEL P. ERHARD, THOMAS J. MCCLURE,
DENNIS R. CIMPL, GALE SHELTON
and GREGORY M. WEBER,

                 Defendants.

---

Plaintiff David Clark, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has filed a proposed complaint. The court construes his complaint to include a request for leave to proceed *in forma pauperis*.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive all of a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without prepaying some or all of the filing fee.)

Plaintiff has not provided a resident account statement in support of his request for leave to proceed *in forma pauperis*. He will have to do so if he intends to pursue his request. Because plaintiff's complaint was submitted on April 20, 2011, his resident account statement should cover the period beginning approximately October 20, 2010 and ending approximately April 20, 2011. If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff David Clark may have until May 16, 2011, in which to submit a certified copy of his resident account statement beginning approximately October 20, 2010 and ending approximately April 20, 2011. If, by May 16, 2011, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 22nd day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2