IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID J. CLARK,

        Plaintiff,                          OPINION and ORDER

    v.                                            11-cv-293-wmc

STATE OF WISCONSIN, MILWAUKEE COUNTY,
DAVID A. HANSHER, AUDREY SKWIERAWSKI,
CHRISTOPHER T. TYRE, NATHAN OPLAND-DOBS,
ELIZABETH FERNANDEZ, SUSAN J. SACHSENMAIER,
DANIEL L. KONKOL, RUSSELL D. BOHACH,
PATRICK B. FLANAGAN, THEODORE R. NANZ,
MICHAEL P. ERHARD, THOMAS J. MCCLURE,
DENNIS R. CIMPL, GALE SHELTON, GREGORY M.
WEBER, PATRICIA S. CURLEY, JOAN F. KESSLER and
KITTY B. BRENNAN,

                          Defendants.

---

In this proposed civil action brought under 42 U.S.C. § 1983 and § 1985(3), plaintiff David J. Clark alleges that defendants deprived him of liberty without due process in violation of the Fourteenth Amendment by detaining him for civil commitment as a sexually-violent person pursuant to Chapter 980 of Wisconsin Statutes. Because Clark fails to state a legally cognizable claim for relief, his complaint must be dismissed.

PRELIMINARIES

As a preliminary matter, Clark asks for leave to proceed *in forma pauperis*. 28 U.S.C. § 1915. From the financial affidavit Clark provided, the court concludes that he is unable to prepay the full fee for filing this lawsuit and has made the initial partial payment of $24.09 required of him under § 1915(b)(1). *See Longbehn v. United States,* 169 F.3d 1082, 1083 (7th

Cir. 1999) (approving application of the § 1915(b)(1) test to *in forma pauperis* complaints filed by institutionalized, non-prisoner plaintiffs).

The next step is determining whether Clark's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This hurdle Clark cannot clear.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his second amended complaint, Clark alleges – and the court assumes for purposes of this screening order – the following facts.[1]

**I. Parties**

Plaintiff David J. Clark is a civil detainee at the Sand Ridge Secure Treatment Center, located in Mauston, Wisconsin. At all times material to this action, defendants David A. Hansher, Daniel L. Konkol and Dennis R. Cimpl were Milwaukee County, Wisconsin, circuit court judges. Defendants Patricia S. Curley, Joan F. Kessler and Kitty B. Brennan were State of Wisconsin appellate judges.

---

[1] This June 3, 2011 complaint replaces Clark's original and first-amended complaints as the operative pleading in this case.

2

Defendants Audrey Skwierawski and Gale Shelton were employed as district attorneys in Milwaukee County. Defendants Nathan Opland-Dobs, Elizabeth Fernandez, Russell D. Bohach, Patrick B. Flanagan and Theodore R. Nanz were appointed by the State of Wisconsin Public Defender Office to represent Clark. Defendants Michael P. Erhard and Thomas J. McClure were private attorneys employed by Clark.

Defendant Christopher Tyre was employed by the State of Wisconsin Department of Corrections as a psychologist. Defendant Susan J. Sachsenmaier was employed by the State of Wisconsin Department of Health Services as a psychologist. Defendant Gregory M. Weber was employed by the State of Wisconsin Department of Justice as an assistant attorney general.

## II. First Trial

On July 1, 2005, Milwaukee County Judge Hansher, District Attorney Skwierawski, Wisconsin Corrections Psychologist Tyre, and Public Defenders Opland-Dobs and Fernandez were involved in a probable cause hearing to commit Clark civilly pursuant to Wisconsin Chapter 980. On direct examination by Skwierawski, Tyre testified that he considered Clark's lack of supervision in forming his opinion that Clark was a sexually-violent person. Judge Hansher based his probable cause finding on Tyre's testimony. Clark's counsel, Opland-Dobs and Fernandez, allegedly failed to object to Judge Hansher's findings. Apparently in support of his continued commitment pending a final determination, psychologist Sachsenmaier submitted a report opining that Clark presented as a sexually-

violent person based on evidence of his lack of supervision. Opland-Dobs and Fernandez again failed to object to this report.

On February 16, 2006, Clark personally submitted a summary judgment motion, claiming that Tyre and Sachsenmaier's opinions did not demonstrate present dangerousness, nor even an issue of fact as to present dangerousness. On February 28, 2006, Opland-Dobs told Clark to withdraw the motion or he would ask the court for permission to withdraw as Clark's attorney.

On March 29 and 30, 2007, Milwaukee County Judge Konkol presided over Clark's trial. Skwierawski was the prosecutor and Opland-Dobs and Fernandez acted as defense counsel. Psychologist Tyree and Sachsenmaier testified in support of Clark's commitment and Opland-Dobs and Fernandez again failed to object or to seek exclusion of this testimony. Judge Konkol committed Clark based on the testimony. Clark's appellate lawyer, Bohach, failed to appeal this error.

## III. Second Trial

On December 17, 2009, Clark's commitment was vacated on grounds unrelated to this motion and a new trial was ordered. Clark attempted to have his new lawyers, Public Defenders Flanagan and Nanz, and subsequently private attorney Erhard, submit his prior motion for summary judgment, but each refused. Clark then retained a new attorney, McClure, who filed the motion on September 30, 2010. Milwaukee County Judge Cimpl held a hearing on the motion on November 30, 2010, but found that summary judgment was not appropriate in a Chapter 980 proceeding. However, Judge Cimpl allegedly

4

"validated" the substance of Clark's arguments. During the hearing, McClure allegedly failed to confer with Clark "properly" and also failed to argue relevant and crucial points.

Judge Cimpl allowed McClure to file a motion challenging probable cause pursuant to Wis. Stat. § 806.07 on Clark's behalf. In filing the motion, however, Clark alleges that McClure again failed to confer with Clark and failed to argue relevant and crucial points. Judge Cimpl denied the motion. Clark then fired McClure and filed an interlocutory appeal pro se on January 24, 2011. On February 18, 2011, Assistant Attorney General Weber opposed the motion. Appellate Judges Curley, Kessler and Brennan denied Clark's appeal on April 25, 2011, and denied his motion for reconsideration on May 23, 2011.

**IV. Other Allegations**

Clark also alleges that the State of Wisconsin and Milwaukee County adopted a policy or custom in 1994 to "as far as practicable deny any and all Chapter 980 substantive rights or relief."

Finally, Clark alleges that all of the defendants conspired to retaliate against him for exercise of his constitutional rights to petition for redress of grievances.

OPINION

Clark seeks money damages for a violation of his Fourteenth Amendment rights, alleging that his civil commitment deprived him of liberty without due process, but he cannot proceed on this claim until he shows that his order of commitment has already been invalidated or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). While not completely clear, it

5

appears that Clark's civil commitment was vacated in 2009, but commitment proceedings remain pending. Moreover, based on Clark's allegations, the court cannot infer he has been denied any of the basic procedural rights that the due process clause protects. On the contrary, the State of Wisconsin appears from the allegations to have almost certainly extended all the process due Clark – if not the result he believes is due.

Even if Clark could make a showing of a deprivation of due process, however, the named defendants cannot be sued under 42 U.S.C. § 1983. As an initial matter, judges are immune for actions taken in their judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). In this case, Clark's allegations all concern the defendant judges' actions taken and rulings made during his civil commitment proceedings. Accordingly, these claims are barred by the doctrine of judicial immunity.

Likewise, defendant prosecutors are immune from suit when acting in their roles as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Since all of Swierawski's and Sholton's alleged conduct involved actions taken as prosecutors, these claims are also barred.

Defendant public defenders cannot be sued under 42 U.S.C. § 1983, because they do not act under color of state law when representing an indigent client. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Similarly, the private attorneys named as defendants cannot be sued as state actors.

The remaining individual defendants, psychologists Tyre and Sachsenmaier, are being sued by Clark for their actual testimony at his civil commitment proceedings. They are, however, absolutely immune from liability for this testimony in a suit brought pursuant to § 1983. *Briscoe v. LaHue*, 663 F.2d 713, 721 (7th Cir. 1981).

As for defendants State of Wisconsin and Milwaukee County, Clark alleges that in 1994 each adopted a policy or custom to "as far as practicable deny any and all Chapter 980

6

substantive rights or relief," and that in an alleged conspiracy with the other individual defendants, they conspired to retaliate against him. These bald allegations are conclusory and, without more specificity, do not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, they are so implausible as to be frivolous. At most, plaintiff may have a claim challenging the 1994 changes in civil commitment standards in this state, but that is *not* a basis to allege a civil conspiracy.

Finally, Clark alleges that defendants violated his rights under 42 U.S.C. § 1985. To state a claim under this statute, however, Clark would have to allege that defendants conspired against him because of his race, sex or religion, which he has not done. *Volk v. Coler*, 845 F.2d 1422, 1434 (7th Cir. 1988) (holding that § 1985(3) applies to conspiracies to deprive a person of his or her civil rights on the basis of sex, ethnicity and religion). Therefore, this claim, too, must be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff David J. Clark's request to proceed is DENIED for his failure to state a claim for relief.

2. The clerk of court is directed to enter judgment in defendants' favor dismissing plaintiff's complaint and to close this case.

Entered this 6th day of March, 2012.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge